## OLD COLONY TRUST CO. v. MALLEY.

(District Court, D. Massachusetts. April 15, 1925.)

No. 878.

**Internal revenue ⬤⟳9—Property held by bank in fiduciary capacity not considered as part of bank's property in determining tax due on capital.**

In determining amount of tax due on capital, surplus, and undivided profits of bank under War Revenue Act 1914, § 3, par. 1, the property or values representing property held by bank as executor, administrator, guardian, or in any other fiduciary capacity during taxable period, will not be included as a part of the assets or property of bank.

At Law. Action by the Old Colony Trust Company against John F. Malley, Collector. Judgment for plaintiff.

See, also, 288 F. 903; 299 F. 523.

Currier, Young & Pillsbury, Pillsbury & Dana, and Samuel H. Pillsbury, all of Boston, Mass., for plaintiff.

The United States Attorney, for defendant.

BREWSTER, District Judge. This is an action at law brought to recover a portion of

the taxes assessed upon and paid by plaintiff under provisions of section 3, paragraph 1, of the War Revenue Act, approved October 22, 1914 (38 Stat. 750); the taxes in dispute covering taxable periods beginning November 1, 1914, and ending December 31, 1916. The tax assessed was a special tax on bankers of $1 on each $1,000 of capital used and employed. The government computed the tax upon the total capital of the plaintiff, including surplus and undivided profits. On March 22, 1923, I rendered an opinion (288 F. 903) in which I held that the tax was not to be measured by the entire capital, surplus, and undivided profits of the defendant, but only by the capital, surplus, and undivided profits employed by the defendant in the business of banking, and that for the purposes of the tax the words "business of banking" meant the three kinds of business set out in the act, viz.:

(a) Opening credits by deposit or collecting money to be paid or remitted by draft, check, or order;

(b) Advancing or loaning money on stocks, bonds, bills of exchange or promissory notes; and

(c) Receiving for discount or sale stocks, bonds, bills of exchange or promissory notes.

I further found that during the periods in question only a part of the capital, surplus, and undivided profits of the plaintiff was so employed. In determining the proportions employed in the banking business, I took that proportion of the capital, surplus, and undivided profits which bore the same relation to the total capital, surplus, and undivided profits as the average daily assets employed in the three kinds of businesses above referred to bore to the total average daily assets employed by the bank in both banking and nonbanking business, not including, however, the assets employed in its savings bank department. I ruled that the plaintiff was entitled to recover.

On appeal the Circuit Court of Appeals, while agreeing that only capital used or employed in banking under the definition of "banker" as defined in the act was subject to the tax, reversed the judgment and remanded the action to this court for further action not inconsistent with its opinion. 299 F. 523. I have received evidence consisting of the auditor's report, upon which my earlier findings were based, and also additional oral testimony upon matters which seem to me to be required by the opinion of the Circuit Court of Appeals. As I read the opinion, the judgment of this court was reversed, not because of error in the rule of apportionment, but rather because of error in the application of the rule.

Three objections as noted in the opinion are as follows:

First, that the average daily assets did not include the assets employed in the savings bank department;

Second, that it did not appear whether the plaintiff in underwriting securities became the owner of the stock or bonds which it underwrote, or whether it acted as an agent in so doing;

Third, that there was no evidence in regard to the extent of the business of the trust department of the plaintiff, nor any evidence from which inferences might fairly be drawn in regard to the same.

In my findings of fact upon rehearing, I have included the assets employed in the savings bank department with the other assets of the plaintiff. I have found as a fact that all underwritten securities were purchased outright by the plaintiff, and that it did not act as agent for others in underwriting, and have also found that during the years in question the plaintiff's trust business included the management and control of property as trustee, executor, administrator, guardian, etc., also the management and control of property as agents for the owners and included activities as trustee under numerous mortgages and indentures of trust under which bonds and notes of other corporations were issued, and I have been able to set out in my findings of fact the values of property held by the plaintiff during the periods in question as such trustee, agent, or mortgagee. But no part of the property or values representing such property held by the plaintiff as executor, administrator, guardian, or fiduciary whatsoever during the taxable period in question has been taken into consideration or included as part of the assets or property of the plaintiff in determining the amount of the tax due on its capital, surplus, and undivided profits. As a result of including the assets of the savings bank department, the proportion of assets employed in banking business differs slightly from the proportions appearing in my earlier opinion. 288 F. 903, at 912.

I now rule that the defendant illegally collected from the plaintiff the following sums:

(1) On April 27, 1915, 47.619% of $10,233.34.....$4,873.01
(2) On Sept. 20, 1915, 52.573% of 7,157.00..... 3,762.65
(3) On March 4, 1916, 52.573% of 7,157.00..... 3,762.65
(4) On Sept. 12, 1916, 51.964% of 6,334.00..... 3,291.40

$15,689.71

—which amount, with interest from the respective dates of collection, the plaintiff is entitled to recover from the defendant.

I have received from the defendant eight requests for rulings of law. The first and sixth requests are consistent with this opinion, and are therefore granted. The other requests are denied.

Judgment for the above sum, with interest, may be entered forthwith in favor of the plaintiff.